

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARONNIE THOMPKINS,<br><br>Defendant. | Case No. 17-3032M<br><br>ORDER OF DETENTION |

## I.

On November 30, 2017, Defendant made his initial appearance on the criminal complaint filed in this matter. Deputy Federal Public Defender ("DFPD") Kim Savo was appointed to represent Defendant. At Defendant's request, a detention hearing was continued to December 6, 2017.

A detention hearing was held on December 6, 2017.

The Court issues the following Order of Detention.

☐ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

## II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

## III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of

the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the report and recommendation of the U.S. Pretrial Services Agency.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ Defendant admitted to participating in the armed robbery of a credit union in which over $300,000 was taken by acting as a lookout while the robbery was in progress. Defendant's involvement in this crime of violence while he was subject to two separate terms of probation suggest that Defendant is unwilling to abide by court orders and conditions of release.

☒ According to the complaint, Defendant posted photographs of large denominations of currency on his social media following the robbery with which he is charged. According to government counsel, the funds from the robbery remain unaccounted for. The Court finds that Defendant's possession of money or his ability to obtain a large amount of cash, coupled with the significant sentencing exposure that Defendant faces if he is convicted of the charges provide a strong incentive to flee.

☒ previous failure to appear for DMV violations

As to danger to the community:

☒ Criminal History includes a felony conviction for second degree burglary in 2014 and misdemeanor convictions for grand theft in 2006, vandalism in 2013, and driving with a suspended license in 2014. In addition, defendant has had numerous law enforcement contacts, involving – within the past 8 years – firearms violations, threats, failure to appear, vandalism, and vehicle license violations, and Defendant is currently on two formal probation terms which will end in September 2019 and December 2019, respectively.

☒ Defendant's admitted role as a lookout in the armed bank robbery with which he is charged and allegations in the complaint which suggest that Defendant may have played a broader role in planning the robbery and recruiting co-conspirators, including a bank employee.

☒ Defendant's admitted involvement in this crime of violence while he was subject to two separate terms of probation suggest that Defendant is unwilling to abide by court orders and conditions of release.

## V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: December 6, 2017         /s/
                        ALKA SAGAR
                        UNITED STATES MAGISTRATE JUDGE